UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

SALUSTIANO SANABRIA,

PLAINTIFF,

V.

RAWSOME TREATS, LLC AND ORCHARD GARDEN REALTY LLC,

DEFENDANT

Index No: 1:23-cv-7134

ANSWER

---------------------------------- x

Defendant, Orchard Garden Realty LLC, ("Defendant"), by and through its Attorney, Avram E. Frisch, Esq., by way of answer to the complaint (the "Complaint") says:

## ANSWER

1. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Defendant admits it is the owner of the referenced premises, but denies the remainder of the allegations of this Paragraph.

4. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this Paragraph as to Rawsome Treats LLC, but admits it is authorized to conduct business in the State of New York.

6. Defendant is the owner of the Premises in question, and otherwise denies the allegations of this Paragraph.

7. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendant admits it is the owner of the premises alleged.

9. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11. The Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

12. The Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

13. The Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

14. The Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph as to Plaintiff's attempts to enter the Premises. Defendant denies the remaining allegations of this Paragraph.

15. The Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph as to Plaintiff's attempts to return to the Premises. Defendant denies the remaining allegations of this Paragraph.

## COUNT I

16. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. Defendant denies the allegations of this Paragraph.

20. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21. The Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph as to Plaintiff's attempts to return to the Premises. Defendant denies the remaining allegations of this Paragraph.

22. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23. Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph. The Defendant is not in possession of the subject premises and is not aware of its precise condition at this time.

24. Defendant lacks knowledge and information sufficient to form a belief as to the allegations of this Paragraph.

25. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

28. Defendant repeats each and every response to the Paragraphs numbered 1 through 27 as if fully set forth herein.

29. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III

32. Defendant repeats each and every response to the Paragraphs numbered 1 through 31 as if fully set forth herein.

33. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's claim is barred for lack of standing and/or privity of contract.

### Second Affirmative Defense

The Plaintiff's claim is barred because of the Plaintiff's failure to add indispensable parties.

### Third Affirmative Defense

The Plaintiff's claim is barred because of the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff lacks standing to seek relief under Title III of the ADA for himself, and all persons similarly situated, with respect to conditions that do not affect his disability.

### Fifth Affirmative Defense

Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent harm.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense

Defendant did not design or construct the property at issue in the Complaint.

### Eighth Affirmative Defense

Any and all alterations that were made to the premises after January 26, 1992 were made so that, to the maximum extent feasible, the altered portion of the premises, if any, are

readily accessible to, and usable by, individuals with disabilities. To the extent any such alterations are not readily accessible and usable by individuals with disabilities, it was not feasible to make them so.

### Ninth Affirmative Defense

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint is structurally impracticable and/or technically infeasible.

### Tenth Affirmative Defense

The removal of the alleged access barriers complained of in the Complaint, if any, is not readily achievable.

### Eleventh Affirmative Defense

Failure to state a claim upon which relief can be granted.

### Twelfth Affirmative Defense

The premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services.

### Thirteenth Affirmative Defense

To the extent any alterations were made to the premises triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

### Fourteenth Affirmative Defense

Assuming, arguendo, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant to this case, any deviations from those guidelines are de minimis and within construction and/or manufacturing tolerances.

### Fifteenth Affirmative Defense

To the extent that Plaintiff was not provided with full and equal accommodations, advantages, facilities, or privileges of services, it was because Plaintiff failed to provide sufficient notice of the need and sufficient opportunity to do so.

### Sixteenth Affirmative Defense

Plaintiff cannot recover for any violations he did not personally encounter on a particular occasion and which have not deterred any desire for access.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred to the extent that federal, state, or local laws, including zoning and landmark ordinances, prohibit the physical modifications sought.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred to the extent that accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits and/or accommodations offered to the public and/or result in an undue burden.

### Nineteenth Affirmative Defense

Plaintiff has failed to take any reasonable steps to mitigate, alter or otherwise reduce his alleged damages, including attorneys' fees, expenses and costs. Thus, any damages and/or fees, expenses and costs awarded to Plaintiff should be reduced accordingly.

### Twentieth Affirmative Defense

Plaintiff has not suffered any damages as a result of any actions taken and/or not taken by Defendant, or its agents, and Plaintiff is thus barred from asserting any claims for relief against Defendant.

### Twenty First Affirmative Defense

To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

### Twenty Second Affirmative Defense

To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the excessive fines clause of the Eighth Amendment of the Constitution of the United States.

### Twenty Third Affirmative Defense

Plaintiff's claims are barred to the extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

### Twenty Fourth Affirmative Defense

Plaintiff's claims fail to the extent implementation of the requested alteration would pose a direct threat to the health and safety of others, including Plaintiff.

### Twenty Fifth Affirmative Defense

Plaintiff is not entitled to recover attorneys' fees for moot claims under Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources, 532 U.S. 598 (2001)

### CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNITY AGAINST CO-DEFENDANTS

1. Any injuries and damages sustained by Plaintiff as a result of the allegations described in the Complaint were sustained in whole or in part by reason of the negligence or other breach of duty of the co-defendant.

2. If it is determined that Defendant is liable in any degree to the Plaintiff, whether because of negligence or any other reason, Defendant is entitled to have the liability apportioned among the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

**PRAYER FOR RELIEF**

Wherefore, the Defendant respectfully request that this court:

1. Dismiss the complaint with prejudice,
2. Award the Defendant the costs and expenses of this Action,
3. Order all other relief deemed equitable by the court.

Respectfully submitted,

Dated: September 8 2023
New York, New York

Avram E. Frisch, Esq.

The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601